**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DORI CARSON, | : | |
| Plaintiff | : | CIVIL ACTION NO. 09cv709 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| DELAWARE COUNTY COMMUNITY | : | |
| COLLEGE and ERIC WELLINGTON, | : | |
| Defendants | : | |

**FILED**

JUN 2 4 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Dori Carson, acting by and through her counsel, files this Amended Complaint against Defendants, Delaware County Community College and Eric Wellington, for causes of action in support of which she avers, as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the following laws:

   a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*;

   b. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

   c. The Americans with Disabilities Act, 42 U.S.C.A. §§ 12131 *et seq.*;

   d. The Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*;

   e. The Equal Rights Amendment to the Pennsylvania Constitution, Article 1, §28; and

   f. The Constitution and laws of the United States and the Commonwealth of Pennsylvania governing employment, equal protection and the civil rights of its citizens.

1

2.    This Court has jurisdiction over the parties and the subject matter of this matter pursuant to the provisions of 28 U.S.C. § 1343, 28 U.S.C. § 1331 and related statutes, and supplemental, pendent jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.

3.    Venue of this suit lies with the Eastern District of Pennsylvania, United States District Court, pursuant to 28 U.S.C. § 1391(b) inasmuch as Defendants have their primary location and place of business in Media, Pennsylvania, and because all of the events giving rise to the claims alleged herein occurred within the Eastern District of Pennsylvania, as more specifically described herein.

4.    On or about October 16, 2006, Plaintiff filed a charge against Defendants with the Pennsylvania Human Relations Commission (PHRC) and Equal Employment Opportunity Commission (EEOC), alleging acts of discrimination and retaliation as further described herein. Neither the PHRC nor the EEOC has issued a final determination in connection with Plaintiff's claims which remained pending as of the date of the original filing of Plaintiff's Complaint.

5.    On or about December 3, 2008, the Department of Justice (DOJ) issued correspondence directed to Plaintiff's attention, care of her counsel, informing her that she had the right to institute a civil action, which correspondence was received by counsel on or about December 8, 2008.

6.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## II. PARTIES

7.   Plaintiff, Dori Carson ("Plaintiff") is an individual and a citizen of the Commonwealth of Pennsylvania, and resides at 221 Meredith Street, Kennett Square PA 19348.   Prior to 221 Meredith Street, Kennett Square, PA, Plaintiff CARSON resided at 105 Cedarcroft Road, Kennett Square, PA, 19348.

8.   Plaintiff is a 48-year-old unmarried, white female, date of birth: July 25, 1960. Plaintiff is the mother and primary caretaker of three children, two of whom have serious medical conditions and are disabled as that term is defined under the law.

9.   Defendant Delaware County Community College ("DCCC") is a community college established pursuant to laws of the Commonwealth of Pennsylvania, including, but not limited to, the Community College Act of 1963 and related statutes, and maintains its primary business address at 901 South Media Line Road, Media, PA 19063-1094.

10.   DCCC's College of Business and Computer Technology ("BUS/CIS") and Information Technology Academy ("ITAC") are wholly-owned, operated and controlled divisions of DCCC, and are not legally distinct from DCCC, with primary places of business at 901 South Media Line Road, Media, PA 19063-1094.

11.   At all times material hereto, DCCC employed in excess of twenty (20) employees.

12.   At all times material hereto, DCCC acted by and through its authorized agents, servants, workmen and/or employees, including but not limited to Defendant, Eric Wellington, acting within the scope of their employment with DCCC.

13.   At all times material hereto, DCCC was an employer of Plaintiff within the meaning of the statutes and laws at issue in this action.

14.   At all times relevant hereto, DCCC received federal, state and community funds to support its curricula, conditioned upon its compliance with all relevant state and federal laws.

15.   At all times material hereto, DCCC acted under color of law, pursuant to policy, custom or usage, adopted and promulgated by and through its directors, supervisors and officials.

16.   At all times material hereto, DCCC directed, had actual knowledge of and/or acquiesced in the discrimination against Plaintiff.

17.   Defendant Eric Wellington ("Wellington") is the current Dean of BUS/CIS, the founder and former Director of ITAC, the former director of DCCC's Distance Learning Program and the former Assistant Dean of BUS/CIS; Wellington maintains his primary offices at 901 South Media Line Road, Room 3305, Media, PA 19063-1094.

18.   At all times material hereto, Wellington acted as Plaintiff's supervisor, both directly and indirectly, possessing and exercising control, power and authority over the terms and conditions of her employment with DCCC including, but not limited to, compensation, benefits, assignment and promotion.

19.   At all times material hereto, Wellington acted both individually and as Dean of BUS/CIS, Assistant Dean of BUS/CIS, Director of ITAC, and in various other roles and capacities in which he was employed with DCCC.

20.   At all times material hereto, Wellington acted under the color of state law, pursuant to DCCC's policy, custom or usage.

21.   At all times material hereto, Wellington acted by and through his authorized agents, servants, workmen and/or employees, acting within the course and scope of their responsibilities, pursuant to the policies, customs and usages of DCCC.

22.   At all times material hereto, Wellington personally directed, had actual knowledge of and/or acquiesced in the discrimination against Plaintiff.

23.   At all times relevant hereto, Wellington promoted, enforced and engaged in a pattern and practice of discrimination against Plaintiff with regard to the terms and conditions of her employment including, but not limited to, compensation, benefits, assignment and promotion.

24.   At all times material hereto, Wellington acted willfully and intentionally, with malice aforethought, and with the aim of depriving Plaintiff of her civil rights, or with reckless disregard or callous indifference to the same.

### III. FACTUAL ALLEGATIONS

25.   The allegations of Paragraphs 1 through 24 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

26.   Beginning in or around 2001 and continuing through 2006, Plaintiff was employed with Defendants as an adjunct professor/faculty/instructor providing various levels of computer instruction to students enrolled in classes at DCCC, including its owned divisions, ITAC and BUS/CIS, under the direct and indirect control, supervision and authority of Wellington.

27.   More specifically, in April 2001, DCCC and Wellington hired Plaintiff as a teaching assistant for ITAC; as a result of her exceptional performance, Plaintiff was elevated to the position of lead instructor within a month of her hire.

28.     At the time she was hired and throughout her employment with Defendants, Plaintiff was the sole caretaker and guardian for two children who have severe and serious medical conditions that render them disabled in accordance with the legal definition set forth in the ADA and other laws.

29.     At all times material hereto, Defendants were informed and fully aware of Plaintiff's family care responsibilities and her children's serious medical conditions and disabilities.

30.     From the beginning of her employment with DCCC and Wellington, and continuing unabated to the date of her constructive discharge, Plaintiff was subjected to discrimination by DCCC and Wellington with respect to the terms and conditions of her employment, including but not limited to her pay and compensation, assignment, classification, promotion, use of college and department facilities, training and apprenticeship programs, fringe benefits, and/or other terms and conditions of employment.

31.     In particular, DCCC and Wellington committed the following discriminatory acts and omissions against Plaintiff during her employment, among others:

    a.  Paying Plaintiff at rates lower than her similarly situated male colleagues for performing equal work on jobs requiring equal skill, effort and responsibility and performed under similar working conditions;

    b.  Paying Plaintiff at rates lower than her similarly situated male colleagues for reasons unrelated to a seniority system, a merit system, a system that measures earnings by quantity or quality of production or a differential based on any non-discriminatory factor;

c. Denying Plaintiff the opportunity earn a higher rate of pay, which opportunity was granted to her similarly situated male coworkers, despite her having better skills and qualifications for the same;

d. Forcing Plaintiff to accept pay cuts that were not sought or imposed on her similarly situated males coworkers, at risk of losing her job;

e. Manipulating and altering enrollment and/or attendance records in courses taught by Plaintiff so as to substantiate a false justification for paying her a lower rate than her similarly situated male colleagues;

f. Advising Plaintiff that her lower pay rate was justified by the fact that the minority female state/federal-funded students she taught were "only going to be secretaries," in contrast to white, private-pay male students who enrolled in higher-paying courses;

g. Denying Plaintiff cost-of-living and/or merit pay increases while at the same time offering these increases to her similarly situated male instructors;

h. Denying Plaintiff access to, and use of, the same academic and instructional resources and facilities as her similarly situated male colleagues;

i. Denying Plaintiff status as co-adjunct faculty, together with the benefits attendant thereto, despite her repeatedly qualifying for the same by working hours in excess of the minimum required under the defendants' own policies; and

j. Various other acts of discrimination with respect to the terms and conditions of employment, all of which can be further revealed through the fact-finding process.

32. On or about June 1, 2006, Plaintiff made a formal complaint to DCCC's Human Resources Department concerning the employment discrimination to which she was being subjected by DCCC and Wellington.

33. In making her complaint to Defendants, Plaintiff was engaging in "protected activity" as that term is defined under Title VII, the ADA, the FLSA and related state and federal laws.

34. DCCC and Wellington did nothing to investigate or otherwise respond to Plaintiff's complaint.

35. Nearly 4 months after having received Plaintiffs complaint, Defendants' attorney provided Plaintiff with a handful of redacted payroll statements, handwritten notes and Excel spreadsheets, representing the sum total of Defendants' investigation into her claims, and informed her that no discrimination had occurred.

36. During this same period of time (June -September 2006), Plaintiff was subjected to persistent and continuing acts of harassment, abuse and unfair treatment by Defendants in retaliation for her having made a complaint of discrimination.

37. Defendants' retaliatory actions during this time period included, but were not limited to, the following:

   a. Verbal and written harassment by supervisors, including calls to Plaintiff's home during off-hours;

   b. Deprivation of appropriate academic and instructional resources and supplies to Plaintiff and her students, including the provision of incorrect and insufficient class materials and the denial of needed lab resources;

    c.  Negative criticism directed at Plaintiff for actions that Defendants knew she had not taken and for which she was not responsible;

    d.  Publication of false and defamatory statements and accusations about the Plaintiff, impugning her professional integrity and reputation, both within and out of the college;

    e.  Severe and dramatic reduction in Plaintiff's work hours and class assignments, constituting a more than 50% loss to Plaintiff in wages and instruction time;

    f.  Manipulation of Plaintiff's work schedule so as to interfere irrevocably with her well-known and established care-taking obligations, with specific reference to the needs of Plaintiff's disabled children;

    g.  Severe interference with, and disruption of, Plaintiff s student class time and curriculum with respect to, inter alia, classroom assignments, course expectations, and student enrollment; and

    h.  Other retaliatory acts directed at Plaintiff in response to her having engaged in "protected activity."

38.  During this period of time, Plaintiff repeatedly asked Defendants to cease and desist from their retaliatory conduct, which requests were ignored.

39.  Instead, Defendants' retaliation against Plaintiff persisted and became sufficiently severe and pervasive so as to alter her working conditions and create and an abusive and unendurable working environment.

40.  As a result of Defendants' retaliatory actions during this period of time, Plaintiff experienced severe emotional and psychological upset and injury, for which she was required to obtain treatment from a health care professional.

41.   As a result of Defendants' retaliatory actions, Plaintiff experienced a significant and dramatic reduction in compensation, constituting a greater than 50% loss in income.

42.   As a result of Defendants' retaliatory actions, Plaintiff was denied the ability to fulfill her care-taking obligations towards her disabled children.

43.   As a further result of Defendants' retaliatory actions, Plaintiff's students suffered the loss of adequate and reasonable instruction, materials and resources, all of which impacted dramatically on their academics and Plaintiff's ability to perform her job.

44.   Ultimately, as a direct and proximate result of Defendants' persistent and pervasive acts of retaliation and the hostile environment created thereby, Plaintiff was constructively discharged from her employment and forced to submit her resignation on September 29, 2006.

45.   At all times material hereto, Plaintiffs lower pay rate was unrelated to a seniority system, a merit system, a system that measures earnings by quantity or quality of production or a differential based on any non-discriminatory factor.

46.   At all times material hereto, Plaintiff s skill, experience and qualifications were equal to, or higher than, any of her similarly situated colleagues at the DCCC Defendants.

47.   At all times material hereto, Plaintiff performed at the highest teaching level among her colleagues, sustaining high student retention rates and earning kudos from both her colleagues and her students, including nomination for the BUS/CIS 2006 Teacher of the Year award.

48. At all times material hereto, Plaintiff complied with Defendants' rules and procedures and in accordance with applicable standards regarding performance, conduct and action.

## IV. CAUSES OF ACTION

### A. TITLE VII - DISCRIMINATION

### Plaintiff v. Defendant DCCC

49. The allegations of Paragraphs 1 through 48 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

50. At all times material hereto, Defendant DCCC, by and through its authorized agents, servants, workmen and/or employees, committed acts of discrimination or failed to act in such as way as to cause the deprivation of Plaintiff's civil rights in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2001e, *et seq.*

51. At all times material hereto, DCCC's discriminatory acts and/or failures to act were ongoing, constituting a continuing policy, custom, usage, pattern and practice of illegal discrimination throughout the term of Plaintiffs employment.

52. As a direct and proximate result of DCCC's violation of Title VII, Plaintiff sustained damages and the deprivation of her civil rights, as more fully set forth below.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendant DCCC, together with back pay, front pay, attorney fees and costs, interest, penalties, equitable relief, compensatory damages, and any other relief this Court deems just and appropriate.

## B.  FAIR LABOR STANDARDS ACT

### Plaintiff v. Defendants DCCC and Wellington

53.  The allegations of Paragraphs 1 through 52 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

54.  At all times material hereto, Defendants DCCC and Wellington committed acts of discrimination or failed to act in such a way as to cause the deprivation of Plaintiff's legal rights in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq* .

55.  At all times material hereto, Defendants' discriminatory acts and/or failures to act were ongoing, constituting a continuing policy, custom, usage, pattern and practice of illegal discrimination throughout the term of Plaintiffs employment.

56.  As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff sustained damages and the deprivation of her legal rights, as more fully set forth below.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendants herein, together with back pay, front pay, liquidated damages, interest, penalties, attorney fees and costs, interest, penalties, equitable relief, punitive damages (with respect to Defendant Wellington, only), compensatory damages, and any other relief this Court deems just.

## C.  AMERICANS with DISABILITIES ACT

### Plaintiff v. Defendant DCCC

57.  The allegations of Paragraphs 1 through 56 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

58.   At all times material hereto, Defendant DCCC, by and through its authorized agents, servants, workmen and/or employees, committed acts of discrimination or failed to act in such a way as to cause the deprivation of Plaintiff s legal rights in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C.A. §1213l, *et seq.*

59.   As a direct and proximate result of DCCC's violation of the ADA, Plaintiff sustained damages and the deprivation of her legal rights, as more fully set forth below.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendant DCCC, together with back pay, front pay, interest, penalties, attorney fees and costs, interest, penalties, equitable relief, compensatory damages, and any other relief this Court deems just.

## D. PENNSYLVANIA HUMAN RELATIONS ACT

### Plaintiff v. Defendant DCCC

60.   The allegations of Paragraphs 1 through 59 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

61.   At all times material hereto, Defendant DCCC, by and through its authorized agents, servants, workmen and/or employees, committed acts of discrimination or failed to act in such a way as to cause the deprivation of Plaintiff s legal rights in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*

62.   As a direct and proximate result of DCCC's violation of the PHRA, Plaintiff sustained damages and the deprivation of her legal rights, as more fully set forth below.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendant DCCC, together with back pay, front pay, interest, penalties, attorney fees and costs, interest, penalties, equitable relief, compensatory damages, and any other relief this Court deems just

## E.  PENNYSLVANIA EQUAL RIGHTS AMENDMENT

### Plaintiff v. Defendant Wellington

63.  The allegations of Paragraphs 1 through 62 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

64.  At all times material hereto, Defendant Wellington acted willfully, maliciously and intentionally in denying and abridging Plaintiff s equal rights under the law solely on the basis of her gender in violation of the Equal Rights Amendment ("ERA") to the Pennsylvania Constitution, Article 1, §28.

65.  At all times material hereto, Defendant Wellington acted willfully, maliciously and intentionally in denying and abridging Plaintiffs equal rights under the law with respect to the terms and conditions of her employment, including but not limited to, compensation, benefits, promotions and assignments, in violation of the ERA.

66.  At all times material hereto, Defendant Wellington acted willfully, maliciously and intentionally, with the aim of depriving Plaintiff of her rights or with reckless disregard or callous indifference to Plaintiffs rights under the Constitution and the laws of the Commonwealth of Pennsylvania.

67.  As a direct and proximate result of Defendant Wellington's violation of the ERA, Plaintiff has suffered emotional distress, loss of life's enjoyment, psychological

pain, economic damage and other pecuniary and non-pecuniary losses, for which recovery is demanded under the law.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendant Wellington herein, together with back pay, front pay, interest, penalties, damages for pain and suffering, attorney fees and costs, equitable relief, punitive damages, compensatory damages, and any other relief this Court deems just.

## F. RETALIATION

### Plaintiff v. All Defendants

68.    The allegations of Paragraphs 1 through 67 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

69.    Beginning on June 1, 2006 and continuing through to the date of Plaintiff's constructive discharge on September 29, 2006, Defendants DCCC and Wellington committed acts of retaliation against the Plaintiff in response to her having engaged in "protected activity" under both state and federal law.

70.    Defendants' retaliatory acts were sufficiently severe and pervasive so as to alter Plaintiff's working conditions and create and an abusive and unendurable working environment, as a direct result of which Plaintiff was constructively discharged from her position on September 29, 2006.

71.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff lost her job and sustained damages and the deprivation of her civil rights, as more fully set forth below.

WHEREFORE, Plaintiff, DORI CARSON, demands judgment in her favor and against Defendants herein, together with back pay, front pay, attorney fees and costs, interest,

penalties, equitable relief, punitive damages as to Defendant Wellington only, compensatory damages, and any other relief this Court deems just and appropriate.

## G. DAMAGES AND RELIEF

72.   The allegations of Paragraphs 1 through 71 of this Amended Complaint, inclusive, are incorporated herein by reference as though set forth at length.

73.   As a direct and proximate result of Defendants' discriminatory and retaliatory acts and omissions, Plaintiff has suffered and continues to suffer economic and non-economic damages, and the deprivation of her federal and state rights for which specific relief is sought from this Court as follows, together with whatever other relief the Court deems just and appropriate:

   a.   declaring the acts and practices complained of herein to be in violation of the law;

   b.   awarding compensatory and special damages in favor of Plaintiff in amount designed to make Plaintiff whole for all past and future lost earnings, benefits and earning capacity which Plaintiff has suffered, is suffering and will continue to suffer as a result of Defendants' discriminatory and unlawful acts and omissions, which amount is in excess of jurisdictional limits for mandatory arbitration;

   c.   awarding liquidated damages to Plaintiff in accordance with the provisions of the FLSA;

   d.   awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; awarding punitive damages to Plaintiff in accordance with the law, only as to the wrongful acts and omissions of Defendant Wellington;

e.   awarding damages to Plaintiff for emotional distress, loss of life's pleasures and pain and suffering;

f.   awarding Plaintiff such other damages and relief as are appropriate under the law; and

g.   granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

JoAnn L. Drust, Esq.
Attorney ID # 49953
Attorney for Plaintiff, Dori Carson
Transition Strategies, LLC
88 Militia Hill Drive
Wayne, PA  19087
610-640-5373

Date: 6/18/09

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DORI CARSON,                          :
     Plaintiff                        :          CIVIL ACTION NO. 09cv709
                                       :
    v.                               :          JURY TRIAL DEMANDED
                                       :
DELAWARE COUNTY COMMUNITY             :
COLLEGE and ERIC WELLINGTON,          :
     Defendants                       :

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiff's Amended

Complaint upon the following person by regular mail and through the Court's ECF system:

    Allison S. Petersen, Esquire
    Levin Legal Group
    1301 Masons Mill Business Park
    1800 Byberry Road
    Huntingdon Valley PA 19006
    Counsel for Defendants

Date:  June 18, 2009

_____
Joann L. Drust, Esquire